**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ray KEPLER, Defendant-Appellant.**

**No. 75–2082.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 16, 1976.

Decided March 17, 1976.

Coleman D. Moberly (Court-appointed CJA), London, Ky., for defendant-appellant.

Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Eldon L. Webb, Lexington, Ky., for plaintiff-appellee.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant Kepler was convicted on three counts of an information charging violations of 18 U.S.C. § 43 and 16 U.S.C. § 1538(a)(1)(E). Count One charged appellant with transporting a leopard in interstate commerce without obtaining a written permit as required by Ken.Rev.Stat. § 150.-180(6). 18 U.S.C. § 43. Under the second count, he was charged with transporting in interstate commerce a leopard in violation of the Endangered Species Act of 1973, 16 U.S.C. § 1538(a)(1)(E). Under the third count, appellant was accused of transporting a cougar in interstate commerce without obtaining a written permit as required by Ken.Rev.Stat. § 150.180(6). 18 U.S.C. § 43.

In late 1974, Kepler agreed with an undercover agent working for the Department of Interior to transport a cougar and leopard from Ft. Lauderdale, Florida, to the Dogpatch Zoo in Flatlick, Kentucky. In December 1974, Kepler transported the animals in a rented trailer from Florida to Kentucky. It was shown that he had neither applied for nor received any permit under state law that would have permitted the lawful admission of the animals into the State of Kentucky. Appellant was arrested when he arrived in Flatlick, and the animals were seized by Department of Interior agents. On appeal, appellant challenges his conviction under Count Two charging a violation of the Endangered Species Act. He presents these issues for our consideration: (1) whether the Endangered Species Act is unconstitutional because it has the effect of depriving him of his property (the animals) "without just compensation and due process

of law," and (2) whether the appellant is exempt from the terms of the Endangered Species Act because on the Act's effective date, December 28, 1973, the animals seized by the agents were held in captivity for a proper purpose under the Act.

■ Appellant's constitutional argument appears to be that the Endangered Species Act has deprived him of the use of his property in that his animals were seized and he is subjected to criminal prosecution for his attempted sale of them. We hold that the statute does not effect an unconstitutional taking of property within the meaning of the Fifth Amendment because the statute does not prevent all sales of endangered wildlife, but only those sales in interstate or foreign commerce. The Act does not purport to control intrastate transactions involving protected wildlife, and presumably appellant could have sold the animals in the State of Florida. In addition, 16 U.S.C. § 1539 allows the transportation or sale of endangered wildlife if the Secretary of the Interior approves it "for scientific purposes or to enhance the propagation or survival of the affected species." Accordingly, we determine that the Endangered Species Act of 1973 permissibly regulates the transportation or sale of protected wildlife and does not effect a taking of property in violation of the Fifth Amendment. *Goldblatt v. Town of Hempstead*, 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962).

■ With respect to appellant's contention that he held the animals on December 28, 1973, for a proper purpose under the Act, we observe that the exemption upon which he relies "shall not apply in the case of any fish or wildlife held in the course of a *commercial activity*." 16 U.S.C. § 1538(b) (emphasis added). The district judge instructed the jury that it could not convict unless it found that defendant's transportation of the animals was in the course of a commercial activity. There was substantial evidence from which the jury could properly conclude that defendant's transportation of the animals was in the course of a commercial activity.

Accordingly, the judgment of conviction on Count Two will be affirmed.